838 So.2d 694 (2003)
Bill G. ZELAYA, Appellant,
v.
ATRIM ELECTRIC, INC., Appellee.
No. 3D02-2404.
District Court of Appeal of Florida, Third District.
March 5, 2003.
J.H. Zidell, for appellant.
Maloy Castro Morales and Marleen Colominas and Luisa M. Linares and John H. Ruiz, Miami, for appellee.
Before JORGENSON, GERSTEN, and GODERICH, JJ.
PER CURIAM.
A former employee appeals from an order granting his former employer's motion for summary judgment in an action to recover overtime wages. For the following reasons, we reverse.
Appellant was employed by appellee as an electrician from May 1996 through February 1998. Neither appellant nor appellee kept records of the hours that appellant worked. Appellant filed the instant action under the Fair Labor Standards Act, claiming that he was never paid overtime wages despite the fact that on several occasions he worked beyond the normal 40-hour week. 29 U.S.C. § 207(a)(1) provides:
[N]o employer shall employ any of his employees who in any workweek is engaged in commerce ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
Appellant was deposed and filed an affidavit in support of his claim. He asserted that for the first three months of his employment he was paid by the hour and thereafter was paid by the job. In his deposition, appellant could not indicate the *695 weeks he worked overtime. In his affidavit, filed in opposition to appellee's motion for summary judgment, appellant states that he worked from approximately 7:30 a.m. till about 6 p.m. six days a week for the entire period of his employment. The trial court granted appellee's motion for summary judgment, seemingly because appellant was unable to specify the exact amount of overtime claimed.[*] This appeal followed.
Despite appellant's inability to produce time records, he must be given an opportunity to offer proof that he worked overtime and was improperly compensated. The United States Supreme Court addressed this issue head on in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946):
An employee who brings suit under ... the [Fair Labor Standards] Act for ... unpaid overtime compensation ... has the burden of proving that he performed work for which he was not properly compensated.... Due regard must be given to the fact that it is the employer who has the duty under ... the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed....
When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.
Id. at 686-88, 66 S.Ct. 1187.
If appellant is successful, then the burden to refute appellant's evidence will shift to appellee. Accordingly, the trial court's order granting final summary judgment is reversed.
NOTES
[*] In arguing to affirm the summary judgment, appellee principally relies on a portion of appellant's deposition in which, when taken out of context, appellant appears to concede that if he were entitled to overtime he would have complained. Looking at the entirety of the exchange between appellant and counsel for appellee, it appears that appellant was altogether confused by the manner in which counsel for appellee was questioning him. We find that this testimony, standing alone, is insufficient to support the trial court's order.